# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| In re | CHAPTER 11 |
| HERMELL PRODUCTS, INC., | CASE NO 21-20284 (JJT) |
| Debtor. | RE: ECF No. 422 |

## ORDER UNDER 11 U.S.C. §§ 105, 363, AND FED. R. BANKR. P. 6004 AND 6006 AUTHORIZING SALE OF THE DEBTOR'S ASSETS
## <u>FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS</u>

This matter having come before the Court on the Motion of Hermell Products, Inc., debtor and debtor-in-possession (the "Debtor") for Orders to Sell Property Free and Clear of Liens, Claims and Encumbrances and Interests (A) Approving Bidding Procedures with respect to the proposed sale of the Debtor's Remaining Assets to Alex Orthopedic, Inc., or a Qualified Bidder, (B) Approving the Bid Protections specified in the Letter of Intent with Alex Orthopedic Inc., and (C) Scheduling a Sale Hearing and Objection Deadline with respect to the Proposed Sale and (D) Approving the Form and Manner of Notice of the Proposed Sale and Bidding Procedures (the "Motion")[1] filed by the Debtor; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein at a hearing on August 11, 2022 (the "Sale Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted;

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY FOUND AND DETERMINED THAT:

A.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief sought in the Motion are Sections 105(a) and 363(b), (f), (m) and (n) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

C.     Proper, timely, adequate and sufficient notice of the Motion, has been provided in accordance with 11 U.S.C. §§ 105(a) and 363 and Rules 2002, 6004 and 9014 of the Bankruptcy Rules, such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion, is or shall be required.

D.     As demonstrated by the representations of counsel made on the record at the Sale Hearing, the Debtor has marketed the Assets which are the subject of the Motion and conducted the sale process in compliance with the Bankruptcy Code.

E.     The Debtor, having reported to the Court at the Sale Hearing, having not received any offers other than the $30,000.00 bid of Alex Orthopedic, Inc. (the "Purchaser"), the Court and the Debtor did not conduct an auction with respect to the Assets as defined below. The Debtor reported that it had determined that it believed the Purchaser had submitted the highest and best bid for the Debtor's Assets (as defined below).

F.      The Debtor, as noted in the Motion has entered into a Purchase Agreement with the Purchaser and attached hereto as Exhibit A (the "Purchase Agreement").

G.      At the Sale Hearing, the Debtor advised this Court that the Debtor desires to sell the assets described in the Purchase Agreement excluding all of the following: (i) cash, (ii) funds held in deposit accounts, (iii) causes of action including causes of action arising under Chapter 5 of the United States Bankruptcy Code, (iv) accounts receivable or any proceeds of accounts receivable, (v) deposits, (vi) prepaid expenses, premiums or similar items, (vii) any asset or funds held or recovered by the Debtor's pension plan, (viii) all equipment, machinery, inventory and general intangibles (including customer lists) sold to Dr. Jill Footpads Inc. in regard to the Tubefoam Bandage Line sale previously ordered by this court (together, the "Excluded Assets"). Notwithstanding anything in the Purchase Agreement to the contrary, as used in this Order, the term "Assets" shall not include any of the Excluded Assets.

H.      Approval of the Purchase Agreement and consummation of the Sale for $30,000.00 are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

I.      The Debtor has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b).

J.      A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

K.    The Purchase Agreement was entered into by the Debtor and the Purchaser in good faith and from arm's-length bargaining positions and is fair and reasonable. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under 11 U.S.C. § 363(n).

L.    The Purchaser is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all the protections afforded thereby. The Purchaser has acted through the date hereof in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions, as modified by this Order, contemplated by the Purchase Agreement.

M.    The transfer of the Debtor's Assets, as described herein, to the Purchaser will be a legal, valid, and effective transfer of the Assets, and will vest the Purchaser with all right, title, and interest to the Assets free and clear of all claims, interests and encumbrances relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the business prior to the date of the closing of the Sale (the "Closing Date").

N.    The Debtor may sell the Assets free and clear of all interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(l)-(5) has been satisfied.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

General Provisions

1.    The Motion is granted, as further described herein.

Approval of the Purchase Agreement

2.    The Purchase Agreement between the Debtor and the Purchaser as modified by this Order, is hereby approved and the Amended Bid of the Purchaser as set forth in the Purchase Agreement is hereby deemed to be the highest and best offer for the Assets. The Purchase

Agreement shall be binding upon the Debtor, its estate, creditors and equity holders, and upon all entities and third parties and their respective successors and assignees asserting any interest in the Debtor or the Assets.

3. Pursuant to 11 U.S.C. § 363(b), the Debtor is authorized and directed to consummate the sale pursuant to and in accordance with the terms and conditions of this Order and, as modified by this Order, the Purchase Agreement.

4. The Debtor is authorized to execute and deliver, and empowered to perform under, consummate and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, the Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

Transfer of Assets

5. Pursuant to 11 U.S.C. § 363(f), the Assets shall be transferred to the Purchaser, and upon consummation of the Purchase Agreement (the "Closing") shall be, free and clear of the secured interests of Windsor Federal Savings and Loan which has been transferred to the estate, and the avoided liens of Celtic Bank Corporation, Kabbage Funding, The Business Backer LLC, The United States of America Small Business Administration (SBA), and the State of Connecticut, Department of Economic and Community Development.

6. Pursuant to 11 U.S.C. § 363(f)(2), the Debtor and its estate has consented to the sale of said assets.

7. Pursuant to 11 U.S.C. § 363(f)(4) the liens of Celtic Bank Corporation, Kabbage Funding, The Business Backer, The United State of America Small Business Administration and The State of Connecticut, Department of Economic and Community Development have previously been found to be unsecured by this Court under 11 U.S.C. § 506.

8. The transfer of the Assets to the Purchaser pursuant to this Order and the Purchase Agreement constitutes a legal, valid, and effective transfer of the Assets, and shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Assets free and clear of all interests of any kind or nature whatsoever.

### Additional Provisions

9. This Order (a) shall be effective as a determination that, on the Closing Date, all secured interests of the parties set-forth above with respect to the Debtor or the Assets prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets; and (c) adjudges and declares that all liens of record as of the date of this Order shall be forthwith removed and stricken as against the Assets. All such entities described in this paragraph 7 are authorized and specifically directed to strike all newly recorded liens against the Debtor.

10. Each and every federal, state, and local governmental agency or department is hereby directed to accept for filing and/or recording any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order and the Purchase Agreement.

11. This Court shall retain jurisdiction to enforce and implement the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) resolve any disputes arising under or related to the Purchase Agreement and (b) interpret, implement, and enforce the provisions of this Order.

12. The transactions contemplated by this Order and the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the sale to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

13. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, and its creditors and the Purchaser, and shall be binding in all respects upon any affected third parties including, but not limited to, all persons asserting interests in the Assets to be sold to the Purchaser pursuant to the Purchase Agreement as modified by this Order, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to

which trustee(s) such terms and provisions likewise shall be binding.

14. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement neither conflicts with this Order nor has a material adverse effect on the Debtor's estate.

15. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry. The Court expressly finds that there is no reason for delay in the implementation of this Order.

16. In the event of any inconsistency between this Order and the Order Confirming the Fifth Amended Plan of Reorganization, the terms of the Order Confirming the Fifth Amended Plan of Reorganization shall control.

Dated at Hartford, Connecticut this 18th day of August, 2022.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut